## Cuteri *v.* West Penn Railways Co., Appellant.

Argued October 7, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*William A. Challener,* with him *William A. Challener, Jr.,* for appellant.

*Louis Vaira,* for appellee, was not heard.

PER CURIAM, November 23, 1931:

Plaintiff sued in trespass to recover for injuries received when his automobile, in which he was riding, was struck by one of defendant's electric passenger cars. The verdict was for plaintiff. The court below refused defendant's motion for judgment non obstante veredicto but allowed the motion for a new trial. Defendant appealed.

Appellant assigns as error refusal of the court below, first, to give binding instructions in its favor, second, to enter judgment non obstante veredicto, and finally, the granting of a new trial.

Plaintiff was struck while on defendant's track, at a public road grade crossing, where the tracks crossed the thoroughfare at an acute angle. The testimony is contradictory as to the distance the approaching car could be seen and also as to its speed. That plaintiff was driving his car in low gear over a road in doubtful repair is undisputed. The evidence as a whole shows the view of the track and the approaching car was limited as to distance and partly obscured by the grade and a bank of earth between the tracks and the road on which plaintiff was driving. Plaintiff twice testified on direct examination that he looked both ways along the track before starting to cross. On cross-examination, according to his testimony, he was looking for cars up to the time he actually entered upon the track and did not see the approaching car which collided with his automobile; this the court below, in its opinion, regarded as an impossibility. The inconsistency in plaintiff's testimony, however, would not necessarily impugn his case as a whole, and it remained for the jury to reconcile its contradictions: Milligan v. Phila. & Reading Ry. Co., 261 Pa. 344, 349; and Mudano v. P. R. T. Co., 289 Pa. 58, 59. Furthermore, the court states it was "entirely possible that when he committed himself to the crossing, actually the street car was not yet in sight, and hence contributory negligence could not be declared as a matter of law," citing Thomas v. P. R. R. Co., 275 Pa. 579, and Mills v. P. R. R. Co., 284 Pa. 605. "Where there is doubt as to negligence upon the part of the plaintiff, the case is for the jury" (Mills v. P. R. R. Co., supra, page 608); though supported by only one witness and strongly contradicted, questions of fact cannot be withdrawn from them: Thomas v. P. R. R. Co., supra, page 582; Saxman v. McCormick, 278 Pa. 268, 272.

Under these circumstances, the court below rightly refused binding instructions or to award judgment non obstante veredicto.

We said in Thomas v. P. R. R. Co., supra, pages 583-4: "Where a verdict rests largely upon a single witness whose testimony is strongly contradicted by that of other witnesses, and discredited by his own prior inconsistent statements, the proper remedy is a new trial"; and we may call attention to the numerous occasions on which we have held that orders granting a new trial are not "reviewable unless the court below makes it clearly appear that the reasons particularly set forth in its opinion are the only ones which moved it to award the new trial" or there is an unmistakable abuse of discretion (Regan v. Davis, 290 Pa. 167, 169; Pawloski v. Sczehowicz, 293 Pa. 548; Jacobson v. P. R. T. Co., 295 Pa. 130; Lombardo v. Barilla, 302 Pa. 460, 461), which we do not find to be the case here.

The assignments of error are overruled and the appeal dismissed.