## Reese, Appellant, *v.* Pittsburgh Railways Company.

Argued October 3, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*John B. Nicklas, Jr.,* with him *E. B. Wolfe, Howard O. Husband* and *McCrady, McClure, Nicklas & Hirschfield,* for appellant.

*Alan D. Riester* and *J. R. McNary,* for appellee, were not heard.

PER CURIAM, November 27, 1939:

This is an appeal from an order granting a new trial. In the original opinion, the trial judge, speaking for the court en banc, stated that, of the thirteen reasons advanced by defendant in support of its motion for new trial, the one possessing real merit was "the variance between *allegata et probata.*" Upon reargument, the court en banc refused to disturb its original order awarding a retrial and assigned as further reason for its action: "There are a number of things in this case which as the Court viewed it then and as it is still viewed, which though no one of them standing alone might be sufficient to move this Court to grant a new trial, still collectively they leave in the minds of the Court the abiding conviction that in the interest of substantial justice a new trial should be had."

On appeal from an order such as the one here complained of, we never reverse unless a palpable abuse of discretion on the part of the trial judge is disclosed or unless an erroneous rule of law, which in the circumstances necessarily controls the outcome of the case, is certified by the trial judge as the sole reason for his action: *Girard Trust Company v. George V. Cresson Company,* 333 Pa. 418.

It would be trifling with justice for an appellate court to reverse an order of this kind: *Cleveland Worsted Mills Company v. Myers-Jolesch Company, Inc.,* 266 Pa. 309. There are many incidents of a trial, including the manner of its conduct, which the trial judge may feel are productive of prejudice, and which an appellate court, with merely the black and white pages of the record before it, is in no position to comprehend: *Frank v. Bayuk,* 322 Pa. 282. Experience has established the wisdom of these conclusions; and hence we have repeatedly required appellant, in this class of cases, where the record presented to us did not with certainty base the decision of the court below upon a single point, to obtain from the trial judge and file in this court a certificate expressly stating that, but for this one point, he would not have granted a new trial, as a condition precedent to even an argument of such an assignment of error here: *Straus v. Rahn,* 319 Pa. 93; *Andrzejewski v. Prudential Insurance Company of America,* 321 Pa. 543. In the present case, the record does not so state, nor is there a certificate so asserting.

Order affirmed; costs to be paid by appellant.