Held, Admrx., *v.* Van Tiggelen (et al., Appellant).

Argued January 6, 1950. Before MAXEY, C. J., DREW, LINN, STERN, STEARNE and JONES, JJ.

*Thomas D. Caldwell,* with him *George R. Eves* and *Caldwell, Fox & Stoner,* for defendant, Robert L. Mervine, appellant.

*Paul N. Schaeffer,* with him *Emanuel Weiss,* for defendant, Robert Van Tiggelen, appellee.

*C. Wilson Austin,* with him *John V. Boland* and *Speicher & Austin,* for plaintiff, appellee.

OPINION BY MR. JUSTICE JONES, March 20, 1950:

This appeal is from an order awarding a new trial in a trespass action instituted by the plaintiff, as administratrix of the estate of Fern H. Held, deceased, against the defendants, Van Tigellen and Mervine, for the death of the plaintiff's decedent from injuries received in a collision between Mervine's automobile and one driven by Van Tiggelen in whose car the deceased was a passenger. The plaintiff based her action on the alleged negligence of both defendants and sought to recover damages on two counts, viz., under the wrongful death Acts and the survival statute. The jury returned a verdict for the plaintiff against Van Tiggelen alone on the wrongful death count for the amount of the expenses incurred incident to the decedent's injury and death. On the survival count, the verdict was for both defendants. The learned court below granted the plaintiff's motion for a new trial as to both defendants. Mervine appealed and contends that, in view of his exculpation by the jury, the action of the court below in granting a new trial as to him amounted to a palpable abuse of discretion. Van Tiggelen did not appeal from the new trial order and has filed a brief as an appellee in Mervine's appeal.

The burden assumed by the appellant in seeking a reversal of the order granting a new trial is indeed a very heavy one. The controlling principle has long been settled and has often been reiterated. One of the more recent utterances is contained in *Marko v. Mendelowski,* 313 Pa. 46, 47, 169 A. 99, later quoted with approval in *Girard Trust Company v. George V. Cresson Company,* 333 Pa. 418, 422, 5 A. 2d 221, and again in *Tupponce v. Pennsylvania Railroad Company,* 358 Pa. 589, 590, 57 A. 2d 898, where we said,—"we will not reverse an order awarding a new trial unless a palpable abuse of discre-

tion on the part of the trial judge is disclosed or unless an erroneous rule of law, which in the circumstances necessarily controls the outcome of the case, is certified by the trial judge as the sole reason for his action." For a thorough discussion of the limited scope of review on an appeal from an order granting a new trial see *Class & Nachod Brewing Co. v. Giacobello*, 277 Pa. 530, 538, 121 A. 333, where Chief Justice MOSCHZISKER concluded his collation of germane cases by observing "Thus it will be seen the scope of an appeal from the grant of a new trial is very limited, so far as the considerations which may prevail are concerned, and that, in this class of appeals, we seldom reverse."

In *Frank v. W. S. Losier & Co., Inc.*, 361 Pa. 272, 64 A. 2d 829, Mr. Justice STERN, speaking for this court, gave pertinent illustrations of the effect of the rule in practice when he said (p. 276),—"One of the least assailable grounds for the exercise of such power [i.e., granting a new trial] is the trial court's conclusion that the verdict was against the weight of the evidence and that the interests of justice therefore require that a new trial be awarded; especially in such a case is an appellate court reluctant to interfere: [citing cases]." Here, the grant of a new trial was expressly justified by the court below on the grounds that "insofar as defendant Van Tiggelen is concerned the verdict is arbitrary and capricious in awarding damages which are inadequate and contrary to the weight of the evidence" and that "in the interest of justice a new trial must also be granted as to defendant Mervine." As the learned court below pointed out, a verdict in favor of the plaintiff could properly have been found on the survival count, as well, and further recognized that a verdict which fixes the pecuniary value of the life of a young woman of twenty-two, gainfully employed and with an established earning power, in an amount equal to the sums expended for hospital services in her fatal injury, her burial, a tombstone and letters of administration is so unreasonable and disproportion-

ate to the value of the life as to be obviously a result of prejudice or other error: *Hammaker v. Watts Township,* 71 Pa. Superior Ct. 554, 565. Only after a careful scrutiny of the evidence did the court below conclude from the weight of the evidence "that both defendants were negligent and that the negligence of each concurred in bringing about the collision" and that "In the interest of justice a new trial must be awarded as to both defendants." See *Samuels v. Johnson,* 355 Pa. 624, 628, 50 A. 2d 670, citing *Brogan v. Philadelphia,* 346 Pa. 208, 210, 29 A. 2d 671.

The case of *Jones v. Williams,* 358 Pa. 559, 58 A. 2d 57, relied on by appellant, is readily distinguishable. In that case, the plaintiff had obtained a verdict against the original defendant, the jury exonerating the additional defendant. The plaintiff there appealed from the order granting a new trial and complained that the court took away her verdict solely because it thought both defendants should have been found liable. In reversing, we held that, in so acting, the court was but arrogating to itself the jury's fact-finding province. See also *Felo v. Kroger Grocery & Baking Company,* 347 Pa. 142, 31 A. 2d 552. In the present instance, the plaintiff was dissatisfied with her verdict and moved for a new trial which, in the circumstances, had to be granted. The opinion for the court en banc clearly indicates that, had the verdict against the one defendant been adequate to the proofs, the court would not have interfered with it merely because the other defendant was not also held liable. Nor was the new trial granted as to Mervine because a new trial as to Van Tiggelen was necessary. The court did not act from any such mistaken view of the law; its positive recognition and reference to *Fitzpatrick v. Sheppard,* 346 Pa. 240, 29 A. 2d 475, clearly so confirms. The remaining cases relied on by the appellant are equally distinguishable.

The appellant has not advanced any meritorious reason why we should now depart from the well-established rule respecting the granting of a new trial; and neither of the specified prerequisites to the review of such an order on its merits is here present.

Order affirmed.