537 A.2d 32

COMMONWEALTH of Pennsylvania, Appellant,

v.

Kenneth JONES, a/k/a Kenneth Johnson, a/k/a Robert Johnson, Appellee.

Superior Court of Pennsylvania.

Submitted Nov. 2, 1987.

Filed Feb. 1, 1988.

592

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Com., appellant.

Alonzo Burney, McKeesport, for appellee.

Before MONTEMURO, WATKINS and MONTGOMERY, JJ.

MONTGOMERY, Judge:

Appellee was convicted, following a jury trial, of robbery, theft by unlawful taking or disposition, and criminal conspiracy. The appellee filed a *pro se* Motion for a New Trial and/or In Arrest of Judgment, wherein he raised, *inter alia*, several claims of trial counsel's ineffectiveness. A counseled post-verdict motion was subsequently filed by trial counsel on the appellee's behalf, in which she raised issues of her own ineffectiveness in representing the appellee. The trial judge appointed the Public Defender of Allegheny County to represent the appellee in post-trial matters. On June 25, 1984, the trial court apparently held an evidentiary hearing to inquire into the claims of ineffective assistance and also entertained oral argument on the appellee's post-verdict motions. The appellee's trial counsel testified as a Commonwealth witness regarding the quality of her representation on the appellee's behalf. At the conclusion of the argument, the trial judge took the appellee's motions under advisement. Subsequently, on May 15, 1987, an order was filed by the trial court granting the appellee's motion for a new trial and denying the appellee's

motion in arrest of judgment. This appeal by the Commonwealth was timely pursued.[1] For the reasons which follow, we reverse the order of the trial court.

In granting the appellee's motion for a new trial, the court noted that the appellee's trial counsel testified at the evidentiary hearing and that "she admitted her ineffectiveness in several respects." However, in the trial court's opinion, dated July 20, 1987, the court stated:

> After a review of the record, the Court issued its order and was satisfied that ineffectiveness of trial counsel had been established and that such was prejudicial to the defendant. Although, any one of the allegations of ineffectiveness may not have been sufficient, the cumulative effect of the several allegations did establish the ineffectiveness.

The sole issue presented by the Commonwealth is whether the court erred in concluding that the appellee was denied effective representation due to the cumulative effect of counsel's conduct, although each individual claim of ineffectiveness when analyzed separately, fails to substantiate such a finding.

■ Initially, we must consider whether this order is an appealable order. The Commonwealth submits that while the order from which this appeal is taken is an interlocutory order, it is appropriately before this Court because the question involved herein is purely a matter of law. *See, Commonwealth v. White,* 482 Pa. 197, n. 2, 393 A.2d 447, n. 2 (1978); *Commonwealth v. Liddick,* 471 Pa. 523, 370 A.2d 729 (1977). *See also,* Pa.R.A.P. 311(a)(5). We agree that the issue involved in this appeal is purely a question of law and that we therefore have jurisdiction to decide it.

■ The decision of the trial court to grant a new trial will not be reversed absent an abuse of discretion or an error of law. *Commonwealth v. Palmer,* 319 Pa.Super. 56, 465 A.2d 1050 (1983). However, after careful review, we conclude that the learned trial court erred when it found

**1.** We note that the appellee has not filed a brief in this matter.

that the cumulative effect of the several allegations of ineffective assistance established counsel's ineffectiveness even though it also found each individual claim insufficient.

When our Supreme Court first articulated the standard which would be employed in evaluating the constitutional effectiveness of counsel's stewardship, it also was faced with multiple allegations of ineffective assistance. *See, Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). Today, some twenty years later, this approach to claims of ineffective assistance has not changed. Recently, our Supreme Court had occasion to again define this approach. "First, counsel's performance is evaluated in light of its reasonableness if it is determined that the underlying claim is of arguable merit." *Commonwealth v. Pierce,* 515 Pa. 153, 158, 527 A.2d 973, 975 (1987). (Citations omitted) The defendant must then demonstrate that counsel's ineffectiveness prejudiced his case. *Id.*

Thus, it is clear that if the claim underlying the defendant's allegation of ineffective assistance is meritless, the court's inquiry ceases. It is axiomatic that if the underlying claim is devoid of merit, counsel could not have been ineffective with respect to that issue. Assuming the merit of the underlying claim is established, "the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. at 604–05, 235 A.2d at 353. Finally, if the defendant were to surpass the initial hurdles by establishing the merit to the underlying claim and demonstrate that counsel's conduct had no reasonable basis designed to effectuate the defendant's interest, but fails to demonstrate how counsel's conduct prejudiced his case, he would not be entitled to relief. *Commonwealth v. Pierce, supra.*

Each allegation of ineffective assistance is reviewed independently of any other allegations which may also be advanced by the defendant. Nowhere within our approach is a court permitted to conclude that the cumulative effect of all the allegations of ineffective assistance advanced by a defendant warrants relief where, at the same time, it finds

that any one of several allegations was not sufficient to justify awarding relief to the defendant. If, as in this case, a specific allegation of ineffective assistance of counsel which is unrelated to any other allegation, fails to meet one of the three prongs of our analysis, not only has counsel been constitutionally effective, but that allegation of ineffective assistance has absolutely no bearing on the evaluation of any other claim which the defendant raises. In the instant case, once the trial court determined that each of the individual allegations were insufficient to establish the ineffectiveness of the appellee's trial counsel, it was bound by the consequences of that determination.[2] For these reasons, we conclude that the trial court erred as a matter of law when it concluded that the cumulative effect of the several allegations of ineffective assistance raised by the appellee herein established the ineffectiveness of his trial counsel.

The order of the trial court awarding the appellee a new trial is reversed. The case is remanded for sentencing. Jurisdiction is not retained.

---

2. The Commonwealth addresses each specific allegation of ineffectiveness, arguing that each allegation must fail. We cannot address the merits of each claim of ineffectiveness at this stage of the proceedings since our review is limited to the question of law which has been raised.