OLSZEWSKI, Justice,
concurring and dissenting.
I concur in the result reached by the majority in this case. I must dissent from the conclusion that challenges to the weight of the evidence are reviewable by appellate courts.
It is true that as recently as last year, I was of the opinion that the restrictions announced by our Supreme Court in Wallace and Nelson were dicta, and so, nonbinding on this Court. See, Commonwealth v. Eddowes, 397 Pa.Super. 551, 559-61, 580 A.2d 769, 774 (1990). It is still my belief that a direct challenge to the weight of the evidence was not presented to our Supreme Court in either Wallace or Nelson. Nonetheless, I am now persuaded that the view expressed in those opinions is a proper statement of the law.
The majority acknowledges that a true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict. Majority opinion at 436-437, citing Commonwealth v. Taylor, 324 Pa.Super. 420, 425, 471 A.2d 1228, 1230 (1984). Once that point is recognized, it is beyond dispute that a true motion for a new trial on grounds that the verdict is contrary to the weight of the evidence challenges the credibility determination made by the fact-finder. If one admits that sufficient evidence exists, the question becomes which evidence is to be believed. It is also beyond dispute that the fact-finder is free to believe all, part, or none of the evidence presented. Commonwealth v. Fahy, 512 Pa. 298, 516 A.2d 689 (1986); Commonwealth v. Duncan, 473 Pa. 62, 373 A.2d 1051 (1977); Commonwealth v. Sanders, 390 Pa. 379, 134 A.2d 890 (1957).
The majority’s citation of Commonwealth v. Coyle, 190 Pa.Super. 509, 154 A.2d 412 (1959), aptly illustrates the irreconcilable conflict that appellate review of challenges to the weight of the evidence creates with the traditional *443 function of the fact-finder. After stating that the fact-finder is free to believe all, part or none of the evidence, the majority cites with approval a decision granting a new trial because the jury apparently disregarded expert testimony. Why is it apparent that the testimony was disregarded? Because the jury did not believe it even though it was unimpeached. The law is clear, however, that a jury may believe all, part or none of the evidence presented even where that evidence is uncorroborated or uncontradicted. Commonwealth ex rel. Green v. Rundle, 413 Pa. 401, 405, 196 A.2d 861, 864 (1964). According to the majority, a fact-finder is free to believe all, part or none of the uncontradicted evidence; however, an appellate court, after reviewing a cold record, may grant a new trial if it determines that the jury should have believed the evidence presented. Thus, the fact-finder is free to reach the same result the appellate court would have reached if presented with the same evidence. Despite protestations to the contrary, the appellate court becomes the final finder of fact in these cases.
Such a challenge to the credibility determinations may properly be addressed to the trial court “who has also observed the witnesses as they testify.” Commonwealth v. Farquharson, 467 Pa. 50, 59, 354 A.2d 545, 550 (1976). The trial court may exercise its sound discretion and grant a new trial where the verdict shocks the court’s conscience. Commonwealth v. Barnhart, 290 Pa.Super. 182, 185, 434 A.2d 191, 192 (1981). Appellate courts, however, having had no opportunity to observe the evidence as it was presented, are uniquely unsuited to question the credibility determinations of the fact-finder. Farquharson, supra. A cold record produces thin ice on which to support a weight of the evidence claim.[1]
*444 Such pure credibility challenges must be distinguished from weight of the evidence claims which contend that the verdict is a product of speculation or conjecture. Those claims, however, are sufficiency of the evidence arguments miscast as weight of the evidence claims. In my view, if a reliable verdict is impossible to render, then sufficient evidence has not been presented. These types of claims remain subject to appellate review. Farquharson, supra.
Having examined the arguments on both sides of this question, I must “acknowledge the corn”[2] and so, I respectfully dissent.

. The majority also cites Commonwealth v. Powell, 527 Pa. 288, 590 A.2d 1240 (1991) for the proposition that exercises of the trial court’s discretion when granting a new trial are reviewable by appellate courts. I believe Powell is clearly distinguishable. The trial court in Powell, sua sponte, granted a new trial in the interests of justice because it determined that the defendant had been coerced by the court to waive his right to a jury trial. A challenge to the weight of the evidence was not presented in Powell. Thus, though Powell stands *444 for the proposition that the exercise of the trial court’s discretion in sua sponte granting a new trial in the interest of justice is reviewable, it does not follow that our Supreme Court meant to contradict its prior statements in Nelson and Wallace that the trial court’s exercise of discretion in disposing of a challenge to the weight of the evidence is not reviewable.

. Congressman Charles A. Wickliffe of Kentucky, as quoted in: Funk, A Hog On Ice & Other Curious Expressions, Harper & Row, 1985.