## Commonwealth v. Sutton

*John F. Haugh, assistant district attorney,* for the Commonwealth.

*John R. Gailey Jr.,* for defendant.

MILLER, *J.,* April 16, 1993—On July 12, 1991, two-year old Stevee[1] Lanker suffered a fractured skull while in the care and custody of the defendant, who resided with the child's mother. On or about January 2, 1992, the defendant was charged with aggravated assault[2] and endangering the welfare of children,[2A] and, following a jury trial on September 8, 9, 10 and 11, 1992, was convicted of both charges. The defendant filed timely post trial motions on September 11, 1992, which included a motion in arrest of judgment on the grounds that the verdict was against the weight of the evidence and a motion for new trial in which the defendant alleged

---

1. The child's first name was misspelled as "Stevie" in the transcript. The correct spelling is "Stevee."

2. 18 Pa.C.S. §2702(a)(1).

2A. 18 Pa.C.S. §4304.

that the court erred in advising the jury that the court knew Dr. Charles Reilly, one of the Commonwealth's expert witnesses, and that he was qualified because of his testimony in other cases in the past. The defendant also reserved the right to file additional post-trial motions after the transcript was filed, and supplemental post-trial motions were filed on January 15, 1993, in the form of a motion for new trial. As additional grounds for a new trial the defendant alleged that the court erred in permitting Commonwealth witness Cynthia Geier to testify beyond the scope of the offer of proof made by the Commonwealth and that the court erred in refusing defendant's motion for a mistrial following the statement by Commonwealth expert Joseph Zenel Jr., M.D., that in his opinion the child was the victim of child abuse, and the Commonwealth's later reference to Dr. Zenel's remark in its closing statement to the jury. We note that the defendant did not brief the allegation of error concerning the court's comment about Dr. Reilly, and accordingly, that issue is considered waived.[3] We will consider first, defendant's allegation regarding the testimony of Commonwealth witness, Cynthia Geier.

Cynthia Geier, a caseworker with York County Children and Youth Services, was called by the Commonwealth to testify regarding her conversation with the defendant about the child's injuries. Specifically, the assistant district attorney represented to defendant's counsel, when asked to provide an offer of the witness' testimony, that "The crux of her testimony is going to be what [the defendant] described to her happened that led to Stevie's injuries. That's going to be the primary focus of it...." (N.T. 68) Defense counsel then

---

3. See York County Criminal Rule 507(b)(5)

stated that he would not object because the testimony clearly would be probative. After Ms. Geier testified about her conversations with the defendant, the assistant district attorney then asked her the following question:

*Q.* "Did, in the course of your—in the course of investigating this matter, did you ever make an attempt to speak with Stevie?"

*A.* "Yes, I did."

*Q.* "Was Stevie able to communicate anything to you about this incident?"

*A.* "Yes, she did." (N.T., Trial, 72-73)

Following this response of the witness, defense counsel objected that that testimony had exceeded the scope of the offer, and the court immediately directed that a conference be held at sidebar. At sidebar, the following exchange took place:

*The Court:* "What will be this testimony?"

*Commonwealth:* "Well, I have to admit this has caught [me] by surprise, judge, because I was earlier advised that she [the child] was not able to say anything about it. That was the answer I expected to receive. Now she [the witness] said that she [the child] did say something."

*Defense:* "Well, I'm going to object to it as hearsay."

*Commonwealth:* "Well, it would be hearsay. It would be hearsay, but the answer that I had anticipated was that she was not, due to her age, she was not communicative."

*Defense:* "Incidentally, judge, I want it on record that I know Mr. Haugh well, and I know that what he's saying now is accurate. He would not have attempted to pull a fast one. He's too good a lawyer for that."

*The Court:* "If you're objecting to the question as being one, outside of the scope of the offer or, two, that it is hearsay. I'll sustain the objection."

*Defense:* "Yes, I am."

*The Court:* "All right."

*Commonwealth:* "I'll withdraw the question." (N.T. Trial, 73-74) Whereupon, the Commonwealth withdrew the question, and defense counsel declined to ask the witness any questions on cross-examination.

The defendant now argues that he is entitled to a mistrial on the grounds that the Commonwealth had deliberately exceeded the scope of the offer of Ms. Geier's testimony in an attempt to introduce inadmissible evidence. The defendant's position is that upon hearing the affirmative response that the child had been able to communicate something to Ms. Geier about the incident, the jurors clearly would have understood that the defense was attempting to keep from them a statement by the child that would, in effect, accuse the defendant of having struck her. The defendant argues that such prosecutorial misconduct was so flagrant as to render impossible a fair and impartial decision from the jury.

We note first that the defendant argues that the court erred in not granting his motion for a mistrial with regard to the response given by Cynthia Geier. No motion for mistrial was ever made, however, when the event occurred. As noted above, defense counsel did object on the grounds that the statement constituted hearsay, and the objection was sustained. It was not until the time of the filing of post-trial motions that a request for a mistrial or new trial was even mentioned in connection with Ms. Geier's testimony.

Pennsylvania Rules of Criminal Procedure 1118 and 1123 deal with the standards to be applied to motions for mistrial and post-verdict motions. Rule 1118 provides that "[w]hen an event prejudicial to the defendant occurs during trial ... the motion shall be made when the event is disclosed." In the instant case, because no request for a mistrial was made at the time the witness made the objectionable statement, the defendant cannot complain that the court erred in failing to grant a mistrial when no such motion was made. *Commonwealth v. Ables,* 404 Pa.Super. 169, 590 A.2d 334 (1991). Nor did the defendant raise the grounds asserted for a new trial at trial, as required by Rules 1123.[4] Again, while counsel did object on the grounds of hearsay, no mention was made of prejudice to the defendant. Thus, defendant's argument that the court erred in refusing a mistrial is without merit and cannot support a grant of a new trial.

Notwithstanding the defendant's non-compliance with Rule 1118 and 1123, however, we are satisfied that the circumstances of this particular case require that we exercise our discretionary power to grant a new trial. We note that Rule 1123 specifically authorizes the trial court to consider, *upon cause shown,* grounds not raised pretrial or at trial, and we are satisfied that the circumstances of this particular case require that we exercise our discretionary power to grant a new trial. As noted above, an objection was made that anything the child might have conveyed to the caseworker would have constituted hear-

---

4. Rule 1123 provides that grounds for new trial must be raised either at pre-trial proceedings or at trial. Since the event objected to in the instant case occurred at trial, the defendant could not have raised the grounds at any pre-trial proceedings.

say, and the Commonwealth did not attempt to qualify the response under some exception to the hearsay rule. While we are satisfied that the Commonwealth in no way deliberately attempted to force a mistrial or to prejudice the defendant, nevertheless, because of the nature of the charges facing the defendant, aggravated assault and endangering the welfare of a child, we have little doubt that the jury was left with the indelible impression that the child had communicated to the caseworker her version of the events surrounding her injuries and that she had probably implicated the defendant. It would be only natural for the jury to conclude that the defense wanted to keep the jury from hearing what the child had said about the incident. The danger of such prejudice is simply too great and, accordingly, we are constrained to conclude that we must invoke our discretionary power to grant a new trial.

Our decision to grant a new trial finds support in two concepts recognized by our appellate courts. We note first the doctrine of "manifest necessity," which permits a trial court to grant a mistrial without the defendant's request or consent. Pa.R.Crim.P. 1118(b). See *Commonwealth v. Balog,* 395 Pa. Super. 158, 576 A.2d 1092 (1990). Any doubt relative to the existence of manifest necessity should be resolved in favor of the defendant, *Id.* at 164, 576 A.2d at 1095, and each case must turn on the particular facts. *Id.* at 165, 576 A.2d at 1095. A second principle which supports our decision to grant a new trial is the "interest of justice" standard. In *Commonwealth v. Powell,* 527 Pa. 288, 590 A.2d 1240 (1991), our Supreme Court noted that

"The concept of 'interest of justice' has been historically recognized as a viable ground for granting

a new trial in Pennsylvania. A court has an 'immemorial right to grant a new trial, whenever, in its opinion, the justice of the particular case so requires.' (citation omitted) The court may, *sua sponte,* grant a new trial for the promotion of justice, if sufficient cause exists. Where it will result in the attainment of justice, a trial court may grant a new trial without the initiation of the defendant."

Both concepts involve situations where the defendant either opposes a mistrial or simply has not asked for one and where the decision of the court to declare a mistrial is made on the court's own initiative. We are satisfied that the rationale behind the "interest of justice" standard and "manifest necessity" concept is applicable to the instant case where the defendant has requested a mistrial and new trial but where motion for mistrial was untimely and the motion for new trial was grounded on issues not preserved at trial. We are satisfied that the danger of prejudice provides sufficient cause for us to permit the defendant to raise new grounds at the post-trial stage, and for us to grant the requested relief.

Because we grant the defendant a new trial on the grounds that Cynthia Geier's testimony created a significant danger of prejudice, we do not reach the remaining allegations of error in support of a new trial. Accordingly, for the reasons set forth in this opinion, we enter the following

## ORDER

And now, April 16, 1993, for the reasons set forth in the foregoing opinion, we grant defendant's motion for a new trial and direct that the defendant be tried within 120 days of the date of this opinion.