## Weinstein v. Witmer

412

*Leonard A. Cohen,* for plaintiff.

*Calvin Taylor Jr.* and *Kevin S. Riechelson,* for defendants.

FIELD, *J.,* February 27, 2001—Defendant, Paul Witmer, appeals from this court's order entered on December 8, 2000, granting a new trial. For the reasons which follow, the order was proper and should be affirmed.

This case arises from a motor vehicle accident which occurred on August 27, 1998. On November 1, 2000, a

jury trial commenced. After three days of testimony, on November 3, 2000, the jury returned a verdict for the defense. No motions were filed in the following 10 days as required by Rule 227.1 of the Pennsylvania Rules of Civil Procedure. However, within a few days of the expiration of the 10-day period, counsel for the plaintiff and both defendants jointly requested a conference with the court. Said conference was held in chambers on November 16, 2000.

At the conference, counsel relayed to the court that a court officer assisting in jury selection had apparently made some remarks which could have influenced the outcome in this matter. Specifically, it was brought to the court's attention that some members of the jury venire had expressed disdain for the judicial system and the existence of "frivolous lawsuits." In response, the court officer reportedly replied that the proposed jurors should want to serve so that they could rid the courts of such suits. While the court is of the belief that the court officer was not referring to the instant lawsuit, counsel raised the point that such a comment could have been misinterpreted in that manner. It should be noted that none of the above exchanges were on the record, but the mere possibility that such an exchange may have taken place raised concern.

The decision whether to grant a new trial is a matter committed to the sound discretion of the trial court. Absent an abuse of that discretion or a clear error of law, the decision should not be disturbed. *Gunn v. Grossman*, 748 A.2d 1235 (Pa. Super. 2000). Where, as here, the court finds, that new trial is appropriate in the interest of justice, a new trial is warranted. *Commonwealth v. Powell*, 527 Pa. 288, 590 A.2d 1240 (1991). Additionally, it need not be upon motion of a

party, but may be ordered sua sponte by the trial court. *Id.* Cf. *Armbruster v. Horowitz,* 744 A.2d 285, 287 n.2 (Pa. Super. 1999). Because judgment had not yet been entered when the order for a new trial was entered on December 5, 2000, said order was timely.

For the foregoing reasons, this court's order dated December 5, 2000, granting a new trial, should be affirmed.