J-S45010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDGAR OMAR ALICEA-DEJESUS | : | |
| | : | |
| Appellant | : | No. 920 MDA 2025 |

Appeal from the Judgment of Sentence Entered February 11, 2025
In the Court of Common Pleas of York County
Criminal Division at No:  CP-67-CR-0006295-2023

BEFORE:   STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 25, 2026**

Appellant, Edgar Omar Alicea-DeJesus, appeals from the judgment of sentence entered in the Court of Common Pleas of York County on February 11, 2025.  On appeal, Appellant raises a weight of the evidence claim.  Upon review, we affirm.

The trial court summarized the relevant background as follows:

On October 1, 2023, Ophelia Chambliss, an adjunct professor at Penn State University – York Campus, testified that she was visiting an urban garden behind Our Daily Bread and St. Mary's church, near the intersection of E. Court and S. Court Streets in downtown York, to pick up mums[,] when she heard screaming and yelling.  She walked out of the urban garden and observed people gathering in the direction of a van parked among other vehicles along a nearby hedge row.  She observed [Appellant] standing outside the van masturbating violently for about 10 to 15 seconds.  She saw his exposed genital area including his penis and testicles.  His penis was not erect.  He did not appear to have

_____

[*] Retired Senior Judge assigned to the Superior Court.

his pants on as he was unclothed from the waist to below his knees. She did not see any apparent injury. She yelled at him, "What are you doing?" and his masturbation increased. He appeared to be in anguish. [Appellant] then jumped into the van and was thrashing around and screaming unintelligibly before riding away on a bicycle.

Annalisa Gojmerac, a community urban gardener affiliated with the urban garden, also testified as an eyewitness for the Commonwealth. She testified that at 1:00 p.m., when a church service at St. Mary's had just concluded with hundreds of people milling about, she heard high-pitched screaming and thought a child or animal had been hit. Ms. Gojmerac ran out from the urban garden and observed [Appellant] with his pants down around his ankles, wearing no underwear and being completely exposed, standing ten feet away from her outside the van with both hands around his penis[,] clearly masturbating in a tugging motion. She stated that he was visibly engaged in sexual gratification. She then observed [Appellant] get into the van and continue to be very actively engaged in masturbating. He then pulled up his pants and left by getting on his bike and riding away. Ms. Gojmerac stated that the incident lasted 5 to 10 minutes and [Appellant] did not appear to be hurt.

Officer Oaster stopped [Appellant] in the 300 block of S. Duke St., around the block from the incident. [Appellant] did not appear to be in distress, nor did he comment about being in pain. Officer Oaster asked [Appellant] if he had been masturbating, and [Appellant] laughed and said he had not been masturbating. When inquiry was made by counsel as to the type of laugh, Officer Oaster described it as a regular laugh, as if what had occurred was kind of funny to [Appellant].

[Appellant] testified in his own defense. He stated that he went to the van to get papers and clothing for the owner of the van upon his request. He stated that when he attempted to open the glove compartment to retrieve paperwork it was hard to open. When he pulled more firmly, the entire glove compartment gave way and fell down, with two mice running out and one of them running up his pants leg. He stated he grabbed the mouse with his left hand outside of his pants just below the genitals. [Appellant] stated that at that point he felt he was in danger and had a bit of nervous breakdown, having suffered an illness from mice during childhood. He stated he grabbed a sock, ran out of

- 2 -

the van right away, and began punching the mouse until it stopped moving. He then removed the mouse and threw it on the ground. He stated that at some point during the incident he lowered his pants a little below the thigh in an effort to get rid of the mouse.

[Appellant] never testified the mouse ever bite him nor did he testify that he sought any medical attention or need[ed] any medical treatment. Neither eyewitness testified that [Appellant] threw a mouse on the ground.

Trial Court Opinion, 6/9/25, at 1-3.

On February 10, 2025, following a trial, a jury found Appellant guilty of indecent exposure.[1] On February 11, 2025, Appellant was sentenced to one year minus one day to two years minus two days in York County Prison.

Appellant timely filed a post-sentence motion challenging the weight of the evidence, which the trial court denied on June 9, 2025. This appeal followed.

Appellant acknowledges that there is sufficient evidence to sustain the verdict but argues that the greater weight of the evidence established the defense of necessity. Appellant's Brief at 4.

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. [**Commonwealth v. Brown**, 648 A.2d 1177, 1189 (Pa. 1994)]. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. [**Commonwealth v. Farquharson**, 354 A.2d 545 (Pa. 1976)]. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that

_____

[1] 18 Pa.C.S.A. § 3127(a), graded as a misdemeanor of the second degree.

- 3 -

a new trial should be granted in the interest of justice. **Brown**, **supra**.

However, the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is not unfettered. The propriety of the exercise of discretion in such an instance may be assessed by the appellate process when it is apparent that there was an abuse of that discretion. **Commonwealth v. Powell**, [590 A.2d 1240, 1244 (Pa. 1991)]. This court summarized the limits of discretion as follows:

The term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

[**Coker v. S.M. Flickinger Co., Inc.**, 625 A.2d 1181, 1185 (Pa. 1993)].

**Commonwealth v. Widmer**, 744 A.2d 745, 753 (Pa. 2000).

Because the focus of our review is the trial court's reasoning in denying Appellant's weight claim, we turn to the court's explanation of its decision:

It is beyond peradventure that [Appellant] committed the offense of indecent exposure. The Commonwealth only had to prove the following two (2) elements beyond a reasonable doubt: first, that [Appellant] exposed his genitals; and second, that he did so in a public place, which [he] did. Both witnesses testified credibly that they could plainly see [Appellant]'s genitals which he was displaying in the act of masturbating out in the open. The testimony also revealed that the incident took place in a public parking lot to the rear of a church during a time when a multitude of parishioners were leaving the church at the conclusion of a service to return to their cars.

- 4 -

[The trial court] reject[s] the weight claim as we find [Appellant]'s defense of necessity to lack merit. [The trial court] found the Commonwealth witnesses' version of events far more credible than the testimony of [Appellant]. Both witnesses were cross-examined extensively by defense counsel, and they were resolute in testifying to having observed [Appellant] actively masturbating. They did not observe [Appellant] defending himself from a rodent.

[The trial court] would also make the following observations. According to [Appellant], the incident commenced in the van. He gave no explanation why he needed to alight from the van to get rid of the mouse. Even assuming he felt . . . compelled to do so out of sense of fear and instinct of flight, he also gave no explanation as to why he needed to drop his trousers to protect himself. This lack of explanation is particularly troubling when one notes that [Appellant] testified he grabbed ahold of the mouse from outside his trousers and then commenced beating it until it was lifeless. Seen in that light, his decision to lower his trousers is incongruous. Likewise, [Appellant] never gave any explanation why just lowering his trousers would have exposed his genitals, which still would have been concealed by his underwear. He never stated that he was not wearing underwear, nor did he give any reason why it was absolutely necessary for him to lower his underwear during the jousting match. Equally obvious in finding [Appellant]'s defense to lack credibility is the location of the incident itself, that being along an area of parked cars with hedges behind it. A reasonable person even amidst this life struggle, who had the temerity to alight from the vehicle, would have had the equal conscience ability to position himself, so he was facing away from the crowd and toward the bushes during the tumult. Finally, if [Appellant] truly had just engaged in such a frightening experience as he claims he did, why did he fail to recount it upon being interviewed by an investigating officer and advised that others claim just having observed him masturbating in public.

Accordingly, [the trial court] find[s] this issue to be meritless. The jury was free to decide that [Appellant] failed to prove that direct exposure of his genitals toward the assembled crowd was necessary. He could have stayed in the car, he did not need to lower his trousers, his underwear would have still concealed his genitals, and he could have simply turned away. The jury had every right to treat any of these concerns in and of itself as being sufficient to disprove his defense of necessity claim.

> For the foregoing reasons, [the trial court] find[s] the evidence as presented to be more than sufficient to prove, beyond a reasonable doubt [] that [Appellant] was properly convicted of the offense charged. [The trial court] certainly cannot find that the verdict shocked [the trial court's] consc[ience] or sense of justice, which is determinative of a weight claim.

Trial Court Opinion, 8/27/25, at 6-8 (unnecessary capitalization removed, internal citations omitted).

After reviewing the record, we conclude that the trial court did not abuse its discretion in denying Appellant's weight claim and, accordingly, he is entitled to no relief. **See Widmer**, **supra**.[2]

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/25/2026

---

[2] To the extent Appellant is suggesting that we should reweigh the evidence consistently with his views, we remind Appellant that it is not an appellate court's role to reweigh the evidence in defendant's favor or make credibility determinations. **See**, **e.g.**, **Commonwealth v. Robinson**, 348 A.3d 291, 299 (Pa. Super. 2025).