453 A.2d 15

**COMMONWEALTH of Pennsylvania**

v.

**Larry D. YOGEL, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 15, 1981.

Filed Nov. 30, 1982.

242

Anthony J. Beldecos, Philadelphia, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before McEWEN, JOHNSON and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the Order of the Court of Common Pleas, Criminal Division, of Montgomery County, by the defendant-appellant, Larry D. Vogel.

On August 19, 1980, the appellant was cited by a Pennsylvania State Police trooper for driving an automobile with an expired inspection sticker on it.[1] The appellant testified that he told the trooper that he had just brought the vehicle back from New Jersey and that it had been out of the state for more than thirty (30) days. The trooper testified that he

1. *75 Pa.C.S.A. 4703(a)* makes it illegal to operate a motor vehicle in Pennsylvania without a valid inspection certificate.

only remembered being told that the automobile had recently been brought back from New Jersey.[2]

Two issues are raised on appeal. First, the appellant contends that the Commonwealth is required to prove beyond a reasonable doubt that his vehicle had not been out of state for more than thirty days. Appellant's second contention involves the fact that the opinion of the court below was written by a judge other than the one that rendered the decision finding him guilty of the offense.

Taking appellant's second argument first, we note that the hearing judge who made the decision did not write the opinion in support of the decision which was submitted to our court.

*Pa. Rules of Appellate Procedure 1925(a)* provides as follows:

"(a) General Rule. Upon receipt of the notice of appeal *the judge who entered the order appealed from,* if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order..." (Emphasis ours)

Where the issue involved is one purely of law, the fact that someone other than the hearing judge wrote the opinion would be of little significance. In the instant case, however, the lower court's decision was founded solely on the defendant's credibility because the defendant testified in his own defense and stated that he had returned the vehicle in question from the New Jersey shore where he had had it for more than thirty (30) days. The judge who authored the opinion stated therein that he had consulted with the hearing judge and had ascertained from him that he "did not believe the defendant's story". We find that the judge who saw and heard the witnesses and had the opportunity to observe their demeanor is the proper one to author an

---

**2.** *75 Pa.C.S.A. 4703(c)* provides that motor vehicles subject to inspection which have been outside Pennsylvania continuously for more than thirty (30) days must be inspected within five (5) days of reentering the Commonwealth if they do not bear a currently valid certificate of inspection.

opinion in support of an order based solely upon the issue of credibility. However, because of our disposition of the other contention raised by the defendant we do not find it necessary to remand this case for an opinion by the hearing judge.

Defendant's other contention to the effect that in order to prove a violation of 75 Pa.C.S.A. 4703 (Operating a motor vehicle without a valid official certificate of inspection) the Commonwealth must first prove that none of the exceptions to the general rule existed is rejected. The exceptions to 75 Pa.C.S.A. 4703(a) are intended to operate as affirmative defenses to the charge of operating a vehicle without a valid inspection certificate. As such an accused who desires to assert such a defense must present evidence that it applies to him. Thus, in order to sustain a conviction all the Commonwealth must prove is that the defendant operated a motor vehicle without a current inspection certificate and, if the defendant fails to offer evidence tending to prove that any of the exceptions exist, a conviction will be sustained. In the instant case, however, the defendant did in fact offer evidence indicating that his vehicle had been out of state for over thirty (30) days and that he was on his way to getting it inspected at the time of his arrest on August 19, 1980. The record also revealed that the vehicle was inspected later that day. Unfortunately the record also reveals that the defendant, acting as his own counsel during the lower court proceeding, failed to establish the date that he returned the vehicle from New Jersey. Assuming arguendo, that everything the defendant said is true he still has not established all of the elements of his affirmative defense because he never established that five (5) days had not elapsed between the time he returned the vehicle to Pennsylvania and the date of his arrest. For that reason the instant case does not turn on the issue of credibility. Because the defendant has not submitted sufficient evidence tending to sustain his affirmative defense, we will affirm his conviction.

Order affirmed.

JOHNSON, J., concurs in the result.