**Charles ARMBRUSTER and Barbara Armbruster, Appellants,**

v.

**David HOROWITZ, DDS, Individually & t/a North Eastern PA Implant General Dentistry, Appellee.**

Superior Court of Pennsylvania.

Argued June 16, 1999.

Filed Dec. 29, 1999.

Frederick J. Fanelli, Pottsville, for appellants.

J. Timothy Hinton, Jr., Kingston, for appellee.

Before DEL SOLE and STEVENS, JJ., and CIRILLO, President Judge Emeritus.

DEL SOLE, J.:

¶ 1 Appellant Armbruster and his wife filed a negligence suit against Appellee Horowitz and his dental practice in connection with the placement, failure, removal, and replacement of dental implants. After a jury trial, the Honorable James M. Munley presiding, a verdict was returned in favor of Appellee. The jury specifically found that while Appellee was negligent, his negligence was not a substantial factor in bringing about the claimed harm to Appellant. Appellant filed a post-trial motion, claiming that the verdict was against the weight of the evidence. Appellee subsequently filed a praecipe to enter judgment on the jury verdict because more than 120 days had passed from the filing of the post-trial motion, without disposition by the trial court. *See* Pa.R.C.P. 227.4(1)(b) ("the prothonotary shall, upon praecipe of a party: enter judgment upon the verdict of a jury . . ., if one or more timely post trial motions are filed and the court does not enter an order disposing of all motions within one hundred twenty days after the filing of the first motion.") Judgment on the verdict was entered by the prothonotary this same day.

¶ 2 At the time Appellee praeciped to have judgment entered, Judge Munley had been appointed to the United States District Court for the Middle District of Pennsylvania.[1] Due to this fact, the trial court failed to file, in accordance with Pa.R.A.P. 1925(a), an opinion in support of the jury verdict.

¶ 3 On appeal, the Appellant raises the following issue for our review: "Is the jury verdict that the defendant was negligent[,] but that his negligence was not a substantial factor in causing plaintiff's injuries[,] against the great weight of the evidence?" Appellant's Brief at ii.

¶ 4 We note that a true weight of the evidence challenge "concedes that sufficient evidence exists to sustain the verdict." *Commonwealth v. Murray*, 408 Pa.Super. 435, 597 A.2d 111, 115 (1991) (*en banc*) (Olszewski, J., concurring and dissenting), *citing Commonwealth v. Taylor*, 324 Pa.Super. 420, 471 A.2d 1228, 1230 (1984). However, in admitting that there was sufficient evidence, an appellant questions which evidence is to be believed — thus, in effect, the weight to be accorded the testimonial evidence.

¶ 5 In the instant case, it is clear that Appellant's issue on appeal is solely related to the weight of the evidence. It is not a sufficiency of the evidence claim; rather, it requires an assessment of the credibility of witnesses. Specifically, Appellant's appellate argument hinges on the credibility of the four expert witnesses who rendered opinions as to the proper standard of care for a dentist treating implants, the treatment in Appellant's case, and the results in Appellant's case. Additionally, the experts addressed the defense's position that Appellant's poor dental hygiene was the ultimate cause of his implant failure and the resultant pain, suffering and damages.

¶ 6 We are aware of the many cases in our jurisprudence that hold a review of a weight of the evidence claim is reserved exclusively for the trial court judge who presided over the trial. However, our research has found no case supporting that position where the presiding trial court judge had left the bench without ruling on such a post-trial claim. We believe this circumstance is an exception to the general rule that a court, relying solely on a "cold" record, may not exercise a review of a weight of the evidence claim. In these exceptional circumstances, we believe the interests of justice require that

---

1. Judge Munley was appointed to the federal bench on October 26, 1998.

the weight of the evidence claim be reviewed by the appellate tribunal rather than vacating the judgment and remanding for a new trial.

¶ 7 Thus, while we agree that the first review of a weight of the evidence claim should be by the trial court, and preferably by the judge who tried the case, this requirement does not necessitate the grant of a new trial in exceptional circumstances such as those in the instant case.[2] There are a host of reasons why a judge may not be available to review a weight of the evidence claim. To require a new trial in each of those cases would be a disservice to the litigants and an unnecessary burden on the judicial process. Accordingly, we will address this issue on its merits.

¶ 8 Issues of credibility were decided by the jury in this case. Courts are reluctant to overturn factual findings where a jury has made credibility determinations and do so only in the rarest of circumstances. The standard by which we will review the weight of the evidence claim is summarized as follows:

> This Court has repeatedly emphasized that it is not only a[ ] court's inherent fundamental and salutary power, but its duty to grant a new trial when it believes the verdict was against the weight of the evidence and resulted in a miscarriage of justice. Although a new trial should not be granted because of a mere conflict in testimony or because the [court] on the same facts would have arrived at a different conclusion, a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

*Mammoccio v. 1818 Market Partnership,* 734 A.2d 23, 28 (Pa.Super.1999) (citations omitted).

¶ 9 In this case, the verdict does not shock one's sense of justice. Appellant argues that the evidence proved that Appellee "violated the appropriate standard of care on numerous occasions in his placement, care and treatment of [Appellant's] dental implants." Appellant's Brief at 7. Appellant's argument consists of an extensive review of the evidence presented and numerous examples of Appellee's negligence. Appellee's negligence, however, is not at issue. The jury found Appellee negligent. The finding to which Appellant objects is that Appellee's negligence was not a substantial cause of his injuries. Thus, Appellant's discussion of the magnitude of evidence establishing Appellee's negligence is not directly relevant to our review. Rather, the question we must examine is whether the evidence supported the jury's finding on the cause of Appellant's injuries.

¶ 10 At trial, Appellee's defense was that Appellant's injuries were caused by his own poor oral hygiene. We find there is adequate support for this theory. Appellee's experts, Dr. Paladino and Dr. Heller, testified that Appellant's poor oral hygiene, as well as his smoking and drinking habits were a cause of his injuries. Although Appellant attempted to dispute its interpretation at trial, an exhibit was entered in which Appellant had indicated that he "never" brushed his teeth. Appellant also admitted that he was a smoker and a daily beer drinker at the time of the treatment. Thus, because there was support for Appellee's defense that his actions were not the substantial cause of Appellant's injuries, we will not find that the jury's verdict was so contrary to the evidence that it shocks the conscience.

¶ 11 Judgment affirmed.

¶ 12 CIRILLO, President Judge Emeritus files a dissenting opinion.

---

**2.** One could argue that the trial court's failure to grant relief on a weight of the evidence claim is a tacit rejection of the claim. We are also mindful of the fact that a trial court can order an immediate new trial *sua sponte* if the interests of justice so require. *Commonwealth v. Powell,* 527 Pa. 288, 590 A.2d 1240, 1242–43 (1991).

CIRILLO, President Judge Emeritus, dissenting:

¶ 1 Because the majority's decision improperly infringes on the trial court's function in weight of the evidence matters while impermissibly expanding our appellate review powers, I respectfully dissent.

¶ 2 As the majority notes, the Armbrusters filed a post-trial motion, claiming that the verdict was against the weight of the evidence. The trial court failed to rule upon such motion on the merits. Judgment on the verdict was entered ultimately by the prothonotary. *See* Pa.R.C.P. 227.4(1)(b) ("the prothonotary shall, upon praecipe of a party: enter judgment upon the verdict of a jury . . ., if one or more timely post trial motions are filed and the court does not enter an order disposing of all motions within one hundred twenty days after the filing of the first motion.").

¶ 3 At the time Horowitz praeciped to have judgment entered, the trial judge who presided over the trial had been appointed to the United States District Court for the Middle District of Pennsylvania. Due to this fact, the trial court failed to file, in accordance with Pa.R.A.P.1925(a), an opinion in support of the jury verdict. Based upon the nature of the issue raised by the Armbrusters, I heartily believe that we are unable to review the present appeal without the benefit of a trial court opinion.

¶ 4 With regard to weight of the evidence claims raised on appeal, our court has stated:

In *Commonwealth v. Brown*, 538 Pa. 410, 434–38, 648 A.2d 1177, 1189–91 (1994), the Pennsylvania Supreme Court made clear that challenges to the weight of the evidence must first be presented to the trial court. An appellate court may only review the trial court's exercise of discretion in granting or denying a new trial on grounds that the verdict was contrary to the weight of the evidence; **it may not address "the underlying question whether the verdict is against the weight of the evidence."**

*Id.* at 435, 648 A.2d at 1189. In so holding, the [s]upreme [c]ourt observed that:

An allegation that the verdict is against the weight of the evidence is a matter to be resolved by the trial court:

While there may be some legitimacy for a trial court, who [sic] has also observed the witnesses as they testified, to consider the weight of the evidence and to that extent review the jury's determination of credibility, **there is surely no justification for an appellate court, relying upon a cold record, to exercise such a function.** [citations omitted].

The court in *Brown* further declared that:

Unlike the challenge of legal sufficiency of the evidence, the complaint that the verdict was against the weight of the evidence requires an assessment of the credibility of the testimony offered by the Commonwealth. It is a rule of the Commonwealth that an appellate tribunal should not entertain a challenge to the weight of the evidence since their [sic] examination is confined to the "cold record." [citation omitted].

In light of *Brown*, [*Com. v.*] *Widmer*, [446 Pa.Super. 408, 667 A.2d 215 (1995)] and [*Com. v.*] *Hodge*, [441 Pa.Super. 653, 658 A.2d 386 (1995)] we are precluded from addressing [the appellant's] first issue.

*Commonwealth v. Tapper*, 450 Pa.Super. 220, 675 A.2d 740 (1996) (emphasis added).

¶ 5 The essence of the Armbrusters' issue on appeal concerns which evidence is to be believed, or, if restated, the weight to be accorded the testimonial evidence. It requires an assessment of the credibility of witnesses. *Brown, supra; Taylor, supra.*

¶ 6 Specifically, the Armbrusters' appellate argument hinges on the credibility of the four expert witnesses who testified as to: the proper standard of care for a den-

tist placing implants in a patient's mouth, any preventative measures and/or procedures taken by Horowitz in Armbruster's case, the actual success/failure rate of the implants placed in Armbruster's mouth, the reasons supporting removal of a failed implant, whether failing implants should be loaded, whether Armbruster suffered additional bone loss due to the replacement of the failed implants, and whether the lengthening of Armbruster's replacement blade implants caused their ultimate failure. Additionally, the experts addressed the defense's position that Armbruster's poor dental hygiene was the ultimate cause of his implant failure and the resultant pain, suffering and damages.

¶ 7 Because the Armbrusters did elect to file post-trial motions, I do not find they have waived this claim on appeal. Thus, while acknowledging that the weight issue is deserving of review, I find it must first be presented to the trial court and addressed at that level. Despite the existence of filed post-trial motions, the trial court never addressed the weight claim. *See Brown, supra; see also Tapper, supra.* I reiterate that a weight of the evidence argument may be addressed only by a trial court. *See Murray, supra* at 119 (Popovich, J., concurring and dissenting) ("[t]he weight to be assigned to the testimony is for the finder-of-fact and not a matter of appellate scrutiny.").

¶ 8 In *Commonwealth v. Yogel*, 307 Pa.Super. 241, 453 A.2d 15 (1982), our court was faced with a predicament similar to that presented here. In *Yogel*, the defendant raised a challenge both to the weight of the evidence and to the proper standard of proof required by the Commonwealth in a case involving operation of a motor vehicle without a valid official certificate of inspection pursuant to 75 Pa. C.S.A. § 4703. In *Yogel*, the trial court's Pa.R.A.P.1925 opinion was written by a judge other than the one who conducted

the hearing and ultimately found the defendant guilty of violating section 4703. On appeal, our court acknowledged that:

> Where the issue involved is one purely of law, the fact that someone other than the hearing judge wrote the opinion would be of little significance. In the instant case, however, the lower court's decision was founded solely on the defendant's credibility because the defendant testified in his own defense.... The judge who authored the opinion stated therein that he had consulted with the hearing judge and had ascertained from him that he "did not believe the defendant's story." **We find that the judge who saw and heard the witnesses and had the opportunity to observe their demeanor is the proper one to author an opinion in support of an order based solely upon the issue of credibility.**

*Id.* at 16 (emphasis added).[3]

¶ 9 According to the dictates of *Yogel* and established case law on the role of an appellate court when addressing a weight of the evidence issue based upon witness credibility, I believe that we are precluded from addressing the issue raised on appeal by the Armbrusters. Rather, the issue must first be considered by the judge who presided over the present case—that being Judge Munley. Because it would be pointless to remand this case to the court of common pleas for preparation of an opinion where Judge Munley no longer presides, *see Commonwealth v. Wood*, 432 Pa.Super. 183, 637 A.2d 1335, 1343 (1994) and *Commonwealth v. Blady*, 298 Pa.Super. 82, 444 A.2d 670 n. 1 (1982), I would vacate and remand for a new trial.

---

**3.** Despite its insistence that the trial court is first required to review a credibility issue, the *Yogel* court was able to dispose of the defen-

dant's appeal on the merits, based upon the other contention raised by the defendant in his appellate brief. *Id.*