J. S21016/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                 :              PENNSYLVANIA
                                                   :
                     v.                       :
                                                   :
KEITH D. CERQUEIRA                 :
                       APPELLANT        :
                                                     :
                                                   :          No. 1004 WDA 2016

Appeal from the Order June 22, 2016
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-SA-0000012-2016

BEFORE: LAZARUS, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                      **FILED JUNE 29, 2017**

Appellant, Keith D. Cerqueira, appeals from the June 22, 2016 Order entered in the Court of Common Pleas of Westmoreland County finding Appellant guilty of the summary offenses of Driving an Unregistered Vehicle and Operation of a Vehicle Without Official Certificate of Inspection.[1] After careful review, we affirm.

The relevant facts and procedural history, as gleaned from the certified record, are as follows. Appellant is an employee of Brady Auto Sales ("BAS"), a licensed car dealer in Penn Hills, Pennsylvania. In June 2014, Appellant purchased a 2008 Chevrolet Cobalt ("the Vehicle") from BAS. The

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 1301(a) and 75 Pa.C.S. § 4703(a), respectively.

Vehicle needed a new motor and its inspection sticker had expired in January 2014.

On June 29, 2015, after completing repairs on the Vehicle and before Appellant obtained a valid inspection sticker, Appellant signed a Consignment Agreement with BAS. The Consignment Agreement provided that Appellant could store the Vehicle on the lot of BAS, but it was Appellant who would remain the owner of the Vehicle until the Vehicle was sold. Also, pursuant to BAS policy, the Vehicle could not be sold until the Vehicle had a valid inspection certificate.

The Consignment Agreement also granted BAS the exclusive right to sell the Vehicle and once the Vehicle was sold, Appellant and BAS would split the profits.

On July 24, 2015, Appellant was driving the Vehicle on a highway using car dealer license plate issued to BAS. Appellant had not yet obtained a valid inspection certificate and Officer Tony J. Anthony stopped Appellant because the Vehicle's inspection certificate had expired.

Officer Anthony conducted a vehicle information inquiry through the Pennsylvania Department of Transportation, which revealed that the car was still registered to Appellant and the Vehicle's registration had expired in April 2015.

Officer Anthony issued Appellant two traffic citations: Driving an Unregistered Vehicle and Operation of a Vehicle Without Official Certificate of Inspection.

On December 16, 2015, Magisterial District Court found Appellant guilty of both violations. On January 14, 2016, Appellant appealed to the Westmoreland County Court of Common Pleas. After a bench trial on June 21, 2016, the trial court found Appellant guilty of both violations and sentenced Appellant to pay an aggregate fine of $100.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

1. Whether the Commonwealth proved [Appellant] guilty beyond a reasonable doubt of violating 75 Pa.C.S. § 1301(a) when it failed to offer any evidence to disprove [Appellant]'s affirmative defense that the car did not need to be registered due to 1) the car having a dealer license plate to [Appellant]'s employer [BAS], 2) the car and its title being in possession of [Appellant]'s employer [BAS], and 3) [BAS] owning the car due to a valid consignment agreement with [Appellant].

2. Whether the court erred in finding [Appellant] guilty of 75 Pa.C.S. § 4703(a) [inspection violation] when the car was not required to be registered within the Commonwealth due to it being exempt from registration as a dealer owned/possessed vehicle.

Appellant's Brief at 1-2 (some capitalization omitted).

**Driving an Unregistered Vehicle**

Appellant concedes that he was driving with an expired vehicle registration. He, however, argues that the Vehicle was exempt from vehicle

- 3 -

registration under the car dealer's exemptions to the registration statute, 75 Pa.C.S. § 1336(a)(2) and (b)(3). **See** Appellant's Brief at 8.

Our standard of review is well settled for sufficiency of evidence claims:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt. In applying this test, we may not weigh the evidence and substitute our judgment for that of the fact-finder.

**Commonwealth v. Costa-Hernandez**, 802 A.2d 671, 673 (Pa. Super. 2002).

To sustain a conviction for Driving an Unregistered Vehicle, the Commonwealth must prove that an individual is driving a vehicle that is not registered in the Commonwealth of Pennsylvania. **See** 75 Pa.C.S. § 1301(a).

The legislature, however, has provided for several exemptions from the vehicle registration requirement, including one for car dealers. This exemption permits a car dealer to not register individual vehicles and utilize "special registration plates which may be displayed on vehicles in lieu of registering each vehicle individually." 75 Pa.C.S. § 1335(a). A car dealer may only take advantage of the dealer registration exemption, however, if

the dealer is using the vehicle for certain enumerated purposes and the vehicle is being "held for sale."[2] 75 Pa.C.S. § 1336(a)(2) and (b)(3).

In this case, Appellant argues that that the car dealer exemption applied because the Vehicle was being "held for sale" and he was using the Vehicle either to transport it to or from a repair facility, or for personal use. ***See*** 75 Pa.C.S. § 1336(a)(2) and (b)(3). The evidence, however, clearly demonstrated that the Vehicle was not being "held for sale." Thus, Appellant is not entitled to defense of the exemption, regardless of his use of the Vehicle, and the trial court properly refused to apply the car dealer exemption as a defense to this case.

It was undisputed that BAS would not attempt to sell the Vehicle until the Vehicle passed inspection. When Appellant was driving the Vehicle, the Vehicle had not yet passed inspection. In fact, Appellant admitted that when he was driving the Vehicle, he was driving it to prepare the Vehicle for its emission test. N.T. Trial, 6/21/16, at 51-52, 54, 78. Thus, the Vehicle was not ready for sale and BAS could not be holding it for sale.

Since the evidence supports the trial court's conclusion that the car was not "held for sale," we need not address the other elements that

---

[2] We note that it is Appellant's burden to prove that a vehicle registration exemption applies. ***See generally Commonwealth v. Yogel***, 453 A.2d 15, 16 (Pa. Super. 1982)

Appellant would have to prove to assert the defense based on the car dealer exemption.[3]

Appellant further argues that although his name is on the certificate of title, that is not conclusive evidence of ownership of the Vehicle. ***See Wasilko v. Home Mut. Cas. Co.***, 232 A.2d 60, 61 (Pa. Super. 1967). Although we agree with the premise of Appellant's argument, Appellant's argument ignores the statutory language. The issue is not who "owns" the car, but who "holds the car for sale." In this case, the Vehicle had not passed the emission test and was not ready for sale. Thus, BAS could not hold the Vehicle for sale. Therefore, the indicia of ownership of the Vehicle is not relevant to the analysis.[4]

---

[3] Appellant argues that he is entitled to the exemption under 75 Pa.C.S. § 1336(a)(2) where the Appellant would have to establish that he was operating the Vehicle "[f]or testing, for safety inspection, repairing or transporting to or from a repair facility." 75 Pa.C.S. § 1336(a)(2). Appellant admitted at trial that he was not en route to a repair shop at the time of the traffic stop, but was driving to get the Vehicle ready for a not-yet-scheduled emission test. Thus, Appellant could not establish either element of this defense.

[4] Even if we were to address the issue of who owned the car, the evidence established that it was Appellant and not BAS who owned the car. Appellant was the titled owner of the Vehicle and the registration was in his name. Commonwealth Exhibit 1, Vehicle Record Abstract. Moreover, Appellant agreed in the Consignment Agreement that the Vehicle "shall remain the property of [Appellant] until sold." Defendant's Exhibit E, Consignment Agreement.

In sum, the Commonwealth presented sufficient evidence to prove that Appellant was driving a vehicle with expired registration pursuant to 75 Pa.C.S. § 1301(a), and Appellant presented insufficient evidence to prove that any dealer registration exemptions applied. Thus, the trial court properly convicted Appellant of Driving an Unregistered Vehicle.

**Operation of a Vehicle Without Official Certificate of Inspection**

In response to the conviction for operating the Vehicle without a certificate of inspection, Appellant again argues that the Vehicle was exempt from the inspection requirement because the Vehicle was exempt from the inspection requirement "as a dealer owned/possessed vehicle" pursuant to 75 Pa.C.S. § 4703(a). Appellant's Brief at 2.

Section 4703 states, in pertinent part, "no motor vehicle required to **bear current registration plates** issued by this Commonwealth . . . shall be operated unless the vehicle displays a currently valid certificate of inspection issued under this chapter." 75 Pa.C.S. § 4703(a) (emphasis added). Appellant argues that because the Vehicle was eligible for the car dealer registration exemption, the Vehicle is not required to "bear current registration plates" and is, therefore, exempt from the inspection requirements set forth in 75 Pa.C.S. § 4703(a).

As discussed above, BAS did not hold the Vehicle for sale, and thus, Appellant was not exempt from the registration requirements. Therefore,

Appellant is not exempt from the inspection requirements and, thus, this argument fails.[5]

In conclusion, we find that the trial court did not err in convicting Appellant of Driving an Unregistered Vehicle and Operation of a Vehicle Without Official Certificate of Inspection.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2017

---

[5] Appellant concedes that he did not have a valid inspection certificate.