J-S36018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM PAUL HENDERSON | : | |
| | : | |
| Appellant | : | No. 4073 EDA 2017 |

Appeal from the Judgment of Sentence July 5, 2017
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0004433-2016

BEFORE:  GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 04, 2018**

Appellant, William Paul Henderson, appeals from the July 5, 2017 Judgment of Sentence entered in the Chester County Court of Common Pleas following his convictions after a bench trial of Driving Under the Influence of Alcohol, Operating a Vehicle Not Equipped with Ignition Interlock, Accidents Involving Damage to Attended Vehicle or Property, and Careless Driving.[1] Appellant challenges only the weight of the evidence.  After careful review, we affirm.

We briefly summarize the facts as gleaned from the Notes of Testimony as follows.  On the afternoon of September 26, 2016, Jeanne Letterman was stopped on an incline behind a tan sedan-style automobile at an intersection in Oxford, Chester County.  A 4-way stop sign controlled the flow of traffic

---

[1] 75 Pa.C.S. § 3802(a)(1); 75 Pa.C.S. § 3808(a)(1); 75 Pa.C.S. § 3743(a); and 75 Pa.C.S. § 3714(a), respectively.

through the intersection. Rather than proceed through the intersection, the tan sedan rolled back into Letterman's vehicle and then quickly "took off." N.T., 4/27/17, at 8, 10. Letterman could not see the driver of the vehicle nor could she see how many passengers were riding in it. She likewise did not observe any other identifying information about the vehicle other than its color and body style. Letterman followed the tan sedan for approximately four blocks but was unable to catch up with it. Thereafter, she pulled her car over and reported the accident to police by calling 911.[2]

Ultimately, an investigation led police to conclude that Appellant had been the driver of the tan sedan at the time that it hit Letterman's car at the intersection.[3] Police also concluded that Appellant had been intoxicated while operating the car.

On April 27, 2017, the court held a non-jury trial at which the Commonwealth presented the testimony of Jeanne Letterman; Appellant's son, Terence Henderson; and Oxford Police Officer Ryan Doherty. In addition to testifying on his own behalf, Appellant also presented the testimony of his cousins Robert Henderson and Clinton L. Henderson. Following the trial, the court convicted Appellant of the above-referenced offenses.

---

[2] Letterman testified that it took her less than five minutes to travel four blocks, stop her car, and call 911. *See* N.T., 4/27/17, at 15.

[3] Appellant's son, Terence Henderson, testified as such at Appellant's trial. *See* N.T. at 21.

On July 5, 2017, the court sentenced Appellant to 30 days' to 6 months' imprisonment for his Driving Under the Influence of Alcohol conviction, and a consecutive 30 day sentence of incarceration for his conviction of Operating a Vehicle Not Equipped with Ignition Interlock. The court also sentenced Appellant to serve one year of probation for his Accidents Involving Damage to Attended Vehicle or Property conviction, consecutive to his terms of imprisonment.[4]

On July 17, 2017, Appellant filed a Post-Sentence Motion in which he challenged the weight of the evidence supporting his convictions. *See* Post-Sentence Motion, 7/17/17, at ¶ 3. The trial court denied Appellant's Motion on November 16, 2017, finding that the "record is replete with conflicting testimony the credibility of which is to be determined by the trier of fact." Trial Ct. Op., 11/16/17, at 2.

This timely appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

Whether the trial court erred in finding the verdict was not against the weight of the evidence on all charges?

Appellant's Brief at 4.

In support of this claim, Appellant assails the credibility determinations made by the trial court. *Id.* at 13-16. In particular, he contends that the

---

[4] Appellant's Careless Driving conviction merged with his Accidents Involving Damage to Attended Vehicle or Property conviction for purposes of sentencing.

court erred crediting the testimony of the Commonwealth's witnesses over that of his witnesses. ***Id.*** at 14-16.

When considering challenges to the weight of the evidence, we apply the following precepts. "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." ***Commonwealth v. Talbert***, 129 A.3d 536, 545 (Pa. Super. 2015) (quotation marks and citation omitted). Resolving contradictory testimony and questions of credibility are matters for the finder of fact. ***Commonwealth v. Hopkins***, 747 A.2d 910, 917 (Pa. Super. 2000). It is well-settled that we cannot substitute our judgment for that of the trier of fact. ***Talbert***, ***supra*** at 546.

Moreover, appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the post-sentence motion; this court does not review the underlying question of whether the verdict is against the weight of the evidence. ***See id.*** at 545-46. "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is [or is not] against the weight of the evidence." ***Id.*** at 546. "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." ***Id.***

Furthermore, "[i]n order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." ***Id.*** (internal quotation marks and citation omitted). As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a **palpable abuse of discretion**[.]" ***Commonwealth v. Morales***, 91 A.3d 80, 91 (Pa. 2014) (citations omitted, emphasis in original).

"[A] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." ***Commonwealth v. Thompson***, 106 A.3d 742, 758 (Pa. Super. 2014). For that reason, the trial court need not view the evidence in the light most favorable to the verdict winner, and may instead use its discretion in concluding whether the verdict was against the weight of the evidence. ***Commonwealth v. Widmer***, 744 A.2d 745, 751 n.3 (Pa. 2000).

In her Rule 1925(a) Opinion, The Honorable Jacqueline C. Cody, comprehensively discussed the evidence presented at trial. She also adopted the trial court's statement announcing the verdict following Appellant's trial. ***See*** Trial Ct. Op., filed 2/16/18, at 3, citing N.T. 1/27/17, at 130-34. Our review indicates that the trial court carefully evaluated the record and the evidence in reviewing Appellant's weight claim. ***See*** Trial Ct. Op., filed 2/16/18, at 2-8 (crediting the testimony of Officer Doherty and Terence Henderson that Appellant had been driving the car at the time of the accident; crediting Officer Doherty's testimony that he heard Appellant admit that he

- 5 -

had been drinking and his description of Appellant as being verbally aggressive and speaking loudly, unsteady on his feet, emitting an odor of alcohol, and using slurred speech; and crediting the Commonwealth's timeline of events over that of Appellant and his witnesses).  ***See also*** Trial Ct. Op., 11/16/17, at 2.

Appellant essentially asks us to reassess the credibility of the police officer and the victim, and reweigh the testimony and evidence presented at trial.  We cannot and will not do so.  Our review of the record shows that the evidence is not tenuous, vague, or uncertain, and the verdict was not so contrary to the evidence as to shock the court's conscience.  Accordingly, we discern no abuse of discretion in the trial court's denial of Appellant's weight claim and we, thus, affirm Appellant's Judgment of Sentence.  The parties are instructed to attach a copy of the trial court's February 14, 2018 Opinion to all future filings.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/4/18

COMMONWEALTH OF PENNSYLVANIA     : IN THE COURT OF COMMON PLEAS

                 : CHESTER COUNTY, PENNSYLVANIA

         VS.                  : CRIMINAL ACTION

WILLIAM PAUL HENDERSON         : NO. CP-15-CR-0004433-2016

Nicholas J. Casenta, Jr., Esquire, Chief Deputy District Attorney, on behalf of the
        Commonwealth of Pennsylvania
Stephen F. Delano, Esquire, Assistant Public Defender, on behalf of Defendant

## OPINION

Defendant appeals from the judgment of sentence entered in this matter on July 5, 2017 for accidents involving damage to attended vehicle or property, driving under the influence of alcohol or controlled substance, illegally operating a motor vehicle not equipped with ignition interlock and careless driving, following a trial before the undersigned, sitting without a jury. We write in support of judgment in accordance with Pa.R.A.P. 1925(a).

## PROCEDURAL HISTORY

Defendant was arrested and charged with accidents involving damage to attended vehicle or property, driving under the influence of alcohol or controlled substance, illegally operating a motor vehicle not equipped with ignition interlock and careless driving

On April 27, 2017, Defendant was found guilty of all four counts charged, following a trial before the Court, sitting without a jury. On July 5, 2017, Defendant was sentenced to 30 days to 6 months imprisonment for driving under the influence of alcohol or

5

controlled substance and a consecutive flat sentence of 30 days imprisonment for illegally operating a motor vehicle not equipped with ignition interlock. Defendant was also sentenced to 1 year probation on accidents involving damage to attended vehicle or property, consecutive to imprisonment. The count of careless driving merged with accidents involving damage to attended vehicle or property.

On July 17, 2017, Defendant filed a Post Sentence Motion, which was denied by Order of the Court dated November 16, 2017. Defendant timely filed the instant appeal on December 15, 2017.

## DISCUSSION

In his Concise Statement of Matters Complained of on Appeal, Defendant asserts that the verdict was against the weight of the evidence. A challenge to the weight of the evidence contests the weight accorded the testimonial evidence. Armbruster v. Horowitz, 744 A.2d 285, 286 (Pa.Super. 1999). "A true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." Commonwealth v. Charlton, 902 A.2d 554, 561 (Pa.Super. 2006) (*quoting* Commonwealth v. Galindes, 786 A.2d 1004, 1013 (Pa.Super. 2001). It is exclusively within the discretion of the fact finder to determine the weight of the evidence. Commonwealth v. Small, 559 Pa. 423, 435, 741 A.2d 666, 672-73 (1999). The fact finder is free to believe all, part, or none of the evidence and determine the credibility of witnesses. _Id_.

A verdict will only be reversed where it is so contrary to the evidence so as to shock one's sense of justice. Commonwealth v. Morgan, 913 A.2d 906 (Pa.Super. 2006). In determining whether the verdict is against the weight of the evidence, the trial judge is to

2

determine that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." Commonwealth v. Widmer, 560 Pa. 308, 320, 744 A.2d 745, 752 (2000) (citation omitted). "A new trial is not warranted because of a 'mere conflict in the testimony' and must have a stronger foundation than a reassessment of credibility of witnesses." Commonwealth v. Gonzalez, 109 A.3d 711, 723 (Pa.Super. 2015 (citation omitted).

The reasons for the Court's verdict are set forth in the record. (N.T. 4/27/2017, 130-34). We hereby adopt the reasons for the Court's verdict as set forth in the record for the purposes of the appeal. We offer the following citations to the testimony of record we found to be credible in further support of the verdict.

In determining that an accident occurred, the Court relied upon the credible testimony of Jeanne Letterman, Terence Henderson and Officer Ryan Doherty. Jeanne Letterman testified that on September 17, 2016, she was stopped at a 4-way stop on Fifth Street in Oxford, Chester County, when the tan vehicle in front of her went backward and smashed into her car instead of going forward. (N.T. 4/27/2017, 7). Ms. Letterman testified that the vehicle sped away after hitting her and she tried to follow it, but it was travelling very fast. (N.T. 4/27/2017, 10). When she realized she could not catch the vehicle, she made a left onto Broad Street and the striking vehicle continued on Fifth Street. (N.T. 4/27/2017, 11). Ms. Letterman then called 9-1-1. (N.T. 4/27/2017, 11). Ms. Letterman further testified that she travelled approximately 4 blocks prior to calling the police. (N.T. 4/27/2017, 15).

Terence Henderson, Defendant's son, testified that he was the front seat passenger and Defendant was driving the vehicle when it was involved in an accident at the intersection of Fifth Street and Market Street. (N.T. 4/27/2017, 19-20). Terence Henderson testified that while

3

waiting at the intersection, Defendant dropped his cigarette and attempted to pick it up. (N.T. 4/27/2017, 25). The vehicle rolled backwards, hitting the vehicle behind it, and then Defendant just drove away. (N.T. 4/27/2017, 22).

Officer Ryan Doherty of the Oxford Borough Police Department testified that he was dispatched to a hit and run accident that occurred at Fifth and Market Streets in Oxford on September 17, 2016 at approximately 1:15 or 1:18 p.m. (N.T. 4/27/2017, 44). Officer Doherty was advised that a gold or tan sedan with an out-of-state license plate was involved in an accident. (N.T. 4/27/2017, 44). Officer Doherty located the vehicle matching that description in the area of the Getty Mart and conducted a vehicle stop in the Getty Mart parking lot. (N.T. 4/27/2017, 45). Officer Doherty observed the damage to the rear of the tan vehicle as well as the damage to the front of Ms. Letterman's vehicle and concluded that the damage to the vehicles was consistent with a collision between two vehicles. (N.T., 4/27/2017, 51).

Terence Henderson and Officer Doherty provided credible testimony that Defendant was driving the vehicle. Terence Henderson testified that after the vehicle rolled backward and struck the vehicle behind it, Defendant continued to drive up Fifth Street and turned on Hodgson Street near the intersection of Fifth Street, exited the vehicle near a parking lot and began walking to his cousin's home. (N.T. 4/27/2017, 22-24, 41). After Defendant exited the vehicle, Terence Henderson's friend, Ariene Washington, began to drive the vehicle back to Terence Henderson's home at 119 North Fifth Street, Oxford because Terence Henderson does not know how to drive and has never had a driver's license. (N.T. 4/27/2017, 24, 37, 40). Prior to reaching the home, the vehicle was stopped by police. (N.T. 4/27/2017, 25). Terence Henderson testified that when the officer began to question him about a hit and run accident, he told the officer that Defendant was driving and when he tried to retrieve the cigarette

4

he dropped on the floor, the vehicle rolled backward and hit the other vehicle. (N.T. 4/27/2017, 25). Terence Henderson further testified that he called Defendant when he got to the Getty Mart. (N.T. 4/27/2017, 26). Terence Henderson testified that Defendant arrived at the Getty Mart about 20 minutes later. (N.T. 4/27/2017, 27).

Officer Doherty testified that after he conducted the vehicle stop, he overheard Terence Henderson call Defendant. (N.T. 4/27/2017, 45). Officer Doherty was familiar with Defendant from previous meetings and recognized his voice on the phone. (N.T. 4/27/2017, 47). Officer Doherty overheard Terence Henderson ask Defendant to come to the Getty Mart because his friend, Ariene Washington, was accused of being involved in a hit-an-run accident. Terence told his father that he wanted him to come to the scene because his father "was the one who was driving and his friend was being blamed for it." (N.T. 4/27/2017, 48). Officer Doherty heard Defendant tell Terence Henderson he would not admit to driving the vehicle because he had been drinking. (N.T. 4/27/2017, 48, 64).

Officer Doherty further testified that Defendant eventually arrived at the Getty Mart. (N.T. 4/27/2017, 49). Officer Doherty watched Defendant approach the Getty Mart, on foot. (N.T. 4/27/2017, 49, 67). Officer Doherty began questioning Defendant about the incident and Defendant initially told him there was no accident, nobody was driving that vehicle and he was not in that vehicle. (N.T. 4/27/2017, 50). After Officer Doherty showed Defendant the damage to the rear of the vehicle his son was in and how it matched the damage to the front end of Ms. Letterman's vehicle, Defendant told Officer Doherty he was driving, but there was no accident. (N.T. 4/27/2017, 51, 64-65). Defendant continued to argue with Officer Doherty as to whether or not he was driving the vehicle and whether or not he was involved in an accident. (N.T. 4/27/2017, 51, 65).

Officer Doherty's observations of Defendant provided further reliable testimony that Defendant was under the influence of alcohol. Officer Doherty testified that he overheard the conversation between Terence Henderson and Defendant and could tell that Defendant was intoxicated. (N.T. 4/27/2017, 49). Officer Doherty knew Defendant from previous interactions and has seen him sober and drunk. (N.T. 4/27/2017, 49). Officer Doherty described Defendant as quiet and very personable, unless he is intoxicated. (N.T. 4/27/2017, 49). Officer Doherty testified that when Defendant is intoxicated, he becomes very loud and verbally aggressive. (N.T. 4/27/2017, 49). Officer Doherty testified that he overheard Defendant tell his son he had been drinking. (N.T. 4/27/2017, 48; 64).

Officer Doherty further testified that when Defendant walked up to the Getty Mart he was unsteady on his feet, wobbling back and forth and having trouble standing. (N.T. 4/27/2017, 50). Officer Doherty testified that although Defendant walks with a limp, he is usually steady on his feet. (N.T. 4/27/2017, 50). Officer Doherty detected an odor of alcohol coming from Defendant and noted that Defendant's speech was slurred. (N.T. 4/27/2017, 51).

The evidence of record describing the timeline of events shows that Defendant was driving while under the influence of alcohol. Defendant testified that on September 17, 2016, somewhere between 12:15 and 12:20, his son Terence and his son's friend drove him from his home on 119 N. 5th Street to his cousin Clinton Henderson's home on 110 S. 5th Street. (N.T. 4/27/2017, 96). Defendant testified that Clinton Henderson's house is just down 5th Street, and you have to pass the intersection of 5th and Market Streets before reaching Clinton Henderson's home. (N.T. 4/27/2017, 109). Defendant testified that Clinton Henderson's home is right before the intersection of 5th Street and Hodgson Street. (N.T. 4/27/2017, 109). Defendant testified that his son's friend was driving and he was in the back seat of the vehicle. (N.T. 4/27/2017, 97, 99).

6

Defendant testified that his cousin's home is approximately 2 minutes from his home by car and he was dropped off at the corner of 5th Street and Hodgson Street. (N.T. 4/27/2017, 98-99).

Defendant testified that he was drinking beer at his cousin's house and consumed two 24-ounce beers and a double shot of gin. (N.T. 4/27/2017, 99, 103). Defendant testified that he was at his cousin's house for 30 to 45 minutes prior to receiving the call from his son. (N.T. 4/27/2017, 101, 111). Defendant testified that approximately 10 minutes after he got the call from his son, Robert Henderson drove him to the Getty Mart. (N.T. 4/27/2017, 104).

Defendant's home is located only a few blocks from Clinton Henderson's home and is only a 2 minute drive by car. Defendant would pass the intersection of 5th Street and Market Street on his way to Clinton Henderson's home. Ms. Letterman testified that she called 9-1-1 approximately 5 minutes after the accident took place, and she saw the vehicle turn on Hodgson Road, where Defendant testified he walked to his cousin's home. Exhibit D-1 shows that the police dispatch received a call of a hit-and-run accident at 1:18 p.m. At 1:22 p.m., Officer Doherty was at the Getty Mart investigating the alleged incident. (Exhibit D-1). Officer Doherty testified that Defendant arrived at the Getty Mart approximately 20 minutes after Terence Henderson called him.

Defendant attempted to excuse his intoxication by claiming to have consumed 48 ounces of beer and a double shot of gin in the span of 20 to 30 minutes while he was at his cousin Clinton Henderson's home. We found this explanation to be incredible, especially in light of the testimony of Clinton and Robert Henderson. (N.T. 4/27/2017, 132). Robert Henderson testified that he did not see Defendant drinking at all; Clinton Henderson testified he saw Defendant drink two beers during the time he was at his home. (N.T. 4/27/2017, 73, 84, 90). This is inconsistent with the amount of alcohol Defendant testified he drank in the 20 minute

7

period between exiting the vehicle and going to the Getty Mart. The evidence of record is a clear indication that Defendant knew he was intoxicated. His suggestion that his intoxication was due to heavy drinking in the 20 to 30 minutes following the accident was unpersuasive.

Upon consideration of the evidence presented, and our evaluation of the credibility of the evidence, we found Defendant guilty of all charges, beyond a reasonable doubt.

For the foregoing reasons, we respectfully submit that Defendant's allegations are without merit and the appeal should be denied.

BY THE COURT:

Jacqueline C. Cody
P.J.

Date: February 14, 2018

8