J-S83037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAUN C. FAIRMAN, | : | |
| | : | |
| Appellant | : | No. 999 WDA 2018 |

Appeal from the Judgment of Sentence Entered May 23, 2013
in the Court of Common Pleas of Indiana County
Criminal Division at No(s):  CP-32-CR-0001275-2012

BEFORE:  PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED FEBRUARY 28, 2019**

Shaun C. Fairman ("Fairman") appeals from the judgment of sentence[1]

imposed following his convictions of second-degree murder[2] and burglary.[3]

We affirm.

---

[1] Fairman purports to appeal from the June 19, 2018 Order denying his *nunc pro tunc* Post-Sentence Motion.  "However, a direct appeal in a criminal case can only lie from the judgment of sentence."  **Commonwealth v. Lawrence**, 99 A.3d 116, 117 n.1 (Pa. Super. 2014).

[2] 18 Pa.C.S.A. § 2502(b).

[3] 18 Pa.C.S.A. § 3502(a).  We note that the offense of burglary occurs where, *inter alia*, a person enters an occupied building or structure "*with the intent to commit a crime therein.*"  **Id.** (emphasis added).  Fairman contends that he lacked such an intent, as he intended to commit suicide, not a crime.

In its Opinion, the trial court set forth the relevant factual and procedural history, which we adopt for the purpose of this appeal. *See* Trial Court Opinion, 6/19/18, at 1-3.[4]

On appeal, Fairman contends that his convictions of second-degree were clearly against the weight of the evidence presented at trial. Brief for Appellant at 24. Specifically, he argues that the second-degree murder conviction cannot stand, because such a murder must be committed in the perpetration of a felony and the weight of the evidence goes against his conviction of burglary (a felony). *Id.* at 25-31; *see also* footnote 3, *supra*. Notably, Fairman's brief fails to highlight a single example of testimony or evidence that would support his claim. Rather, he relies on bald assertions that "the evidence clearly shows that [he] was intent upon killing himself … as individuals were deeply concerned for [his] well-being," and that "material witnesses testified that he was drunk." Brief for Appellant at 28-29.

> [W]here the trial court has ruled on the weight claim below, *an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence*. Rather, appellate review is limited to whether the trial court palpably *abused its discretion* in ruling on the weight claim.

---

[4] Fairman filed a timely Notice of Appeal and a Concise Statement pursuant to Pa.R.A.P. 1925(b). By Order dated September 5, 2018, the trial court adopted its June 19, 2018 Opinion as its Pa.R.A.P. 1925(a) Opinion.

*Commonwealth v. Rabold*, 920 A.2d 857, 860-61 (Pa. Super. 2007) (citations and quotations omitted) (emphasis added).

>    An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will[,] or partiality, as shown by the evidence or the record.

*Commonwealth v. Bullock*, 170 A.3d 1109, 1117 (Pa. Super. 2017).

Ascribing weight to the evidence presented at trial is solely within the province of the finder of fact, which is free to believe all, part, or none of the evidence presented and to determine the credibility of the witnesses. *Rabold*, 920 A.2d at 860-61 (Pa. Super. 2007). "It is not for this Court to overturn the credibility determinations of the fact-finder." *Commonwealth v. Blackham*, 909 A.2d 315, 320 (Pa. Super. 2006) (citations omitted).

Fairman's appeal is predicated entirely on the credibility of testimony. *See* Brief for Appellant at 24-31. Because credibility is the only basis of Fairman's appeal, to find an abuse of discretion would require that this Court improperly substitute its own credibility determination for that of the fact-finder. Thus, discerning no abuse of discretion by the trial court, we affirm Fairman's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/28/2019</u>

A.Skala

COMMONWEALTH OF       : IN THE COURT OF COMMON PLEAS
PENNSYLVANIA           : INDIANA COUNTY, PENNSYLVANIA
                                      :

           vs                   : NO. 1275 CRIM 2012
                                      :

SHAUN C. FAIRMAN,          :
                                      :
          Defendant.         :

## OPINION AND ORDER OF COURT

**MARTIN, P.J.**

This matter is before the Court on Defendant Shaun C. Fairman's Post-Sentence Motion

*following the remand of the Appeal of his Petition for Post-Conviction Collateral Relief*

pursuant to the Post-Conviction Collateral Relief Act (PCRA) from the Superior Court of

Pennsylvania.

Defendant's conviction resulted from events late in the evening of June 2, 2012, when

he went to his former marital residence where his estranged wife, Jessica Fairman, still resided.

At that time, Jessica Fairman had an active Protection From Abuse (PFA) order against

Defendant and had recently filed for divorce. When Defendant returned to the marital

*residence, Jessica Fairman's parents, Richard E. Shotts and Candice Shotts, were also present.*

Upon Defendant's arrival, he was highly intoxicated and proceeded to approach the house,

pound on the kitchen door, and demand to see his wife. When this occurred, a confrontation

ensued between Defendant and Richard Shotts, who denied Defendant entry into the home.

After Richard Shotts denied him entry, Defendant attempted to force his way into the home and

fired a gun into the kitchen door. Following that unsuccessful attempt at entry, Defendant fired

through the kitchen window, fatally striking Richard Shotts, and then gained entry via the

broken window. Once inside, Defendant went upstairs and was shot twice in the shoulder by his estranged wife, who then called the Pennsylvania State Police.

On April 25, 2013, following a jury trial, Defendant was convicted of the offenses of Murder of the Second Degree; Burglary, and two counts of Aggravated Assault. On May 28, 2013, he was sentenced to incarceration for the rest of his natural life without parole for the offense of Murder of the Second Degree.

Defendant filed his original PCRA Petition on February 27, 2015, after which court-appointed counsel filed an amended Petition on January 4, 2016. In the Petition, Defendant argued that his trial counsel was ineffective for: (1) failing to file an omnibus pretrial motion to suppress his statements to police while he was intoxicated and suffering from two bullet wounds; (2) failing to argue specific case law when Petitioner's plea agreement was rejected; and (3) failing to argue that the convictions for murder of the second degree and burglary were against the weight of the evidence. A hearing on the matter was held on July 6, 2016, and on November 15, 2016, this Court entered an Opinion and Order reinstating Defendant's direct appellate rights because he did not receive timely notice of the status of his appeal from his appellate counsel.

On November 28, 2016, Defendant filed a Notice of Appeal and in his Concise Statement of Matters Complained of on Appeal raised similar arguments to those contained in the PCRA Petition. In an Opinion issued on December 22, 2017, the Superior Court declined to address the weight of the evidence claim because that claim was never presented to the trial court in the form of a post-trial motion. When appellate rights are restored, it does not serve as an automatic right to file post-sentence motions. Commonwealth v. Liston, 977 A.2d 1089, 1093 (Pa. 2009). Although this Court restored Defendant's direct appellate rights, it did not

2018 JUN 19 PM 1:42

CLERK OF COURTS
PROTHONOTARY AND
INDIANA COUNTY



2

explicitly state whether it intended to restore his right to file a post-sentence motion. Absent a determination at the trial court level, the Superior Court explained that it was without a decision to review.

The Superior Court, based on a lack of jurisdiction, also declined to consider the merits of Defendant's claim that trial counsel was ineffective for failing to file a motion to suppress statements he made while intoxicated and injured. As a result of the reinstatement of Defendant's appellate rights, the judgment of his sentence is no longer final, therefore, this Court could not properly consider the PCRA Petition on its merits, and in turn, neither could the Superior Court. The Superior Court did not address the other ineffectiveness of counsel claim, presumably on the same grounds.

Having set forth these reasons, the Superior Court vacated this Court's Order of November 15, 2016, and remanded it for clarification on whether there was an intent to restore Defendant's right to file a post-trial motion on the weight of the evidence claim. On January 22, 2018, this Court ordered the filing of a post-trial motion within thirty days, to which Defendant timely responded. On March 29, 2018, a hearing was held on the post-trial motion, after which the parties submitted briefs on the weight of the evidence issue.

"The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." Commonwealth v. Champney, 832 A.2d 403, 408 (Pa. 2003). "A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner." Commonwealth v. Widmer, 744 A2d 745, 751 (Pa. 2000). While a defendant admits sufficient evidence exists, the



CLERK OF COURTS
PROTHONOTARY AND
INDIANA COUNTY

3

defendant questions which evidence should be believed; effectively the weight to be given to testimonial evidence. Armbruster v. Horowitz, 744 A.2d 285, 286 (Pa.Super. 1999). This determination requires an assessment of the credibility of witnesses. Id.

"A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." Widmer at 751 (Citing Thompson v. City of Philadelphia, 493 A.2d 669, 673 (Pa. 1985). After reviewing a weight of the evidence claim, "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." Commonwealth v. Clay, 64 A.3d 1049, 1055 (Pa. 2013) (Quoting Commonwealth v. Brown, 648 A.2d 1177, 1189 (Pa. 1994)).

Defendant was convicted of murder of the second degree, a criminal homicide committed while a defendant was engaged as a principal or an accomplice in the perpetration of a felony. 18 Pa.C.S.A. §2502(b). The felony giving rise to this conviction was burglary, defined by statute in relevant part as follows:

> A person commits the offense of burglary if, with the intent to commit a crime therein, the person:
> (ii) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present;

18 Pa.C.S.A. §3502(a)(1)(ii)

2018 JUN 19 PM 1:42

CLERK OF COURTS
PROTHONOTARY AND
INDIANA COUNTY

4

Defendant concedes that while his conduct would sustain a conviction for murder of the third degree, the conviction for murder of the second degree is improper because his conviction of burglary, the underlying felony, was against the weight of the evidence. At the core of the issue of Defendant's burglary conviction is whether he entered the home with the intent to commit a crime or, as he argues, only with the intent to commit suicide.

To secure a burglary conviction, the Commonwealth is not required to allege or prove the particular crime a defendant intended to commit. Commonwealth v. Alston, 651 A.2d 1092, 1095 (Pa. 1994). While evidence of forced entry does not automatically give rise to an inference of intent to commit a crime after entry, such intent may be inferred from the totality of the circumstances surrounding the incident. Alston at 1094. The intent may be inferred from words or actions that bear a reasonable relationship to the commission of a crime. Id.

It is undisputed that Defendant had two loaded firearms in his possession and made a forcible entry into the residence by firing into a door and window. After striking Richard Shotts when firing through the window, Defendant proceeded into the home and did not attempt suicide as he claims he intended to, but sought out other occupants. Trial testimony indicated that Defendant had previously threatened to "take care of" Richard Shotts should Jessica Fairman inform him of her ongoing marital problems with Defendant. (Trial Transcript p. 39). Defendant himself also testified at trial that he went to the house to "scare the shit out of some people". (Trial Transcript p. 137).

When presented with all of the evidence, the jurors were free to determine what evidence they believed and which witnesses were credible. From the evidence of Defendant's forcible entry and the fatal wounding of Richard Shotts, jurors could then further infer that Defendant intended to commit a crime based on his possession of two firearms and his own


2018 JUN 19 PM 1:42

CLERK OF COURTS
PROTHONOTARY AND
INDIANA COUNTY

5

statements. Jurors could also infer that Defendant's claim of only intending to commit suicide *was not credible because he had multiple firearms and never made such an attempt. From the* totality of the circumstances, the jurors could properly infer Defendant's intent to commit a crime inside the residence. For these reasons, the Court finds nothing to indicate that the jury's verdict was so contrary to the evidence that it "shocks one's sense of justice" so as to warrant a new trial.

Wherefore, the Court makes the following Order.

2018 JUN 19 PM 1: 42

CLERK OF COURTS
PROTHONOTARY AND
INDIANA COUNTY

6